UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERNEST R. PARKER,                       Case No. 16-cv-939-pp
also known as Earnest Parker-Bey,      Case No. 16-cv-1115-pp

         Petitioner,

v.

UNITED STATES OF AMERICA,

         Respondent.

---

**ORDER CONSOLIDATING PETITIONS IN DKT. NO. 16-CV-939 AND 16-CV-1115, AND REQUIRING CLERK'S OFFICE TO FILE ALL FUTURE DOCUMENTS IN LEAD CASE NO. 16-CV-939**

---

On July 19, 2016, the petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. Dkt. No. 1. The cover letter he sent with the petition was dated June 14, 2016. It stated, "My name is Mr. Earnest Parker-Bey #01816-089 and I'm currently incarcerated at FCI-Milan in Milan, Michigan. I respectfully request that you please find enclosed my pro se Second or Successive 2255 Application and Memorandum of Law In Support of Granting Successive 2255 Applications please file and assign a case number Clerk of the Court. Thank you." Dkt. No. at 1. In the petition, the petitioner argued that his sentence should be vacated and remanded pursuant to the United States Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2251 (2015) and Welch v. United States, 136 S. Ct. 1257 (April 18, 2016). The petition was eleven pages long, and the petitioner attached to it the

1

Seventh Circuit's July 18, 2016 order allowing the petitioner to file a second or successive appeal. Dkt. No. 1-1.

On August 19, 2016, the petitioner filed another motion to vacate, set aside or correct sentence pursuant to §2255; the clerk's office assigned Case No. 16-cv-1115 to this petition. This petition raised the same issue that the petitioner raised in the prior petition—he challenged his sentence under <u>Johnson</u> and <u>Welch</u>. While this petition was only seven pages long, the petitioner attached to it a two-page cover letter. Case No. 16-cv-1115, Dkt. No. 1-1. This letter was dated August 16, 2016—two months later than the cover letter for the earlier petition—and the first sentence of the letter was identical to the letter filed in 16-cv-939. The second sentence read, "I respectfully request that you please fine enclosed my <u>pro se</u> § 2255 Petition and Memorandum of Law In Support of Granting § 2255 Petition please file in the above-captioned case herein Clerk of the Court. Thank you." <u>Id.</u> The plaintiff also attached to this petition the Seventh Circuit's July 18, 2016 order allowing him to proceed on a second or successive petition—the one he had attached to the prior petition. Case No. 16-cv-1115, Dkt. No. 1-2.

Thus, the petitioner has two §2255 petitions pending before the same court, at the same time, raising the same issue. The Seventh Circuit has held that it is a "poor use of judicial resources to have separate challenges to a conviction pending at the same time . . . ." <u>O'Conner v. United States</u>, 133 F.3d 548, 551 (7th Cir. 1998). In such a situation, the court has instructed that the

court either should consolidate the motions into one proceeding or, if that is not possible, deferring ruling on one until the other is resolved. Id.

In the current situation, consolidation is appropriate and practical. The first-filed petition was the one in 16-cv-939. There has been some activity in that case—the federal defender has filed a notice of appearance on behalf of the petitioner, and the court has granted counsel an extension of time to respond to file an amended petition. (That amended petition, or such other pleading as counsel feels appropriate given the current state of Seventh Circuit and Supreme Court litigation on the issues the petitioner has raised, is due October 14, 2016.) Nothing has happened in Case No. 16-cv-1115 except the filing of the petition. The second case was filed only a month after the first. The court suspects that somehow, the petitioner filed the petition in 16-cv-939 and then, when he did not hear anything from this court, became concerned that the court had not received it, and so filed the petition in Case No. 16-cv-115.

Accordingly, the court **ORDERS** that Case No. 16-cv-939 and Case No. 16-cv-1115 are **CONSOLIDATED**. The court further **ORDERS** that Case No. 16-cv-939 is the lead case, and that the clerk's office shall docket all future pleadings and other filings under Case No. 939. The court further **ORDERS**

3

that the petitioner shall, from this date forward, put Case No. 16-cv-939 on any pleadings he files in his *habeas* case.

Dated in Milwaukee, Wisconsin this 26th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge